In the Matter of Philip J. Finiello, an Attorney, Respondent. Grievance Committee for the Ninth Judicial District, Petitioner.

Second Department, September 9, 1985

### APPEARANCES OF COUNSEL

*Gary L. Casella* (*Gary D. Egerman* of counsel), for petitioner.

*Bogucki, DiChiara & Scotto* (*Gerald J. DiChiara* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by this court on February 16, 1977 under the name of Philip John Finiello. In this proceeding to discipline respondent for professional misconduct, petitioner moves to confirm the report of the Special Referee and respondent submits an affidavit in support of petitioner's motion.

The Special Referee sustained a charge alleging that respondent had been convicted of a "serious crime", in that, on January 26, 1984, respondent pleaded guilty to criminal possession of a controlled substance in the seventh degree in violation of Penal Law § 220.03, a class A misdemeanor. Respondent was sentenced on March 16, 1984 to three years' probation, ordered to serve a total of 225 hours in some community service project and ordered to submit to certain physical and psychological examinations.

After reviewing all of the evidence, we are in full agreement with the findings contained in the report of the Special Referee.

Petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to be imposed, we are mindful of respondent's previously unblemished record, his contrition and cooperation throughout this proceeding, as well as the serious personal problems that respondent was experiencing at the time of his misconduct, which problems have since been resolved. In addition, there is ample testimony as to respondent's competency, honesty, and integrity as an attorney as well as his dedication to his profession and to his community. Accordingly, respondent should be, and hereby is, censured for his professional misconduct.

MOLLEN, P. J., LAZER, MANGANO, GIBBONS and KUNZEMAN, JJ., concur.